UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

******************************************************************

| | | |
|---|---|---|
| INTEGRATED ENERGY HOLDINGS, LLC, a South Dakota Limited Liability Company, | * * * * | CIV 09-4185 |
| Plaintiff, | * * | |
| vs. | * * * | MEMORANDUM OPINION AND ORDER RE: MOTION TO DISMISS |
| BUENA VISTA BIOMASS DEVELOPMENT, LLC, a Delaware Limited Liability Company; BUENA VISTA BIOMASS POWER, LLC, a California Limited Liability Company; OTOKA ENERGY CORPORATION, a Delaware Corporation; and STRATEGIC ENERGY CONCEPTS, LLC, a Missouri Limited Liability Company, | * * * * * * * * * * * | |
| Defendants. and | * * * | |
| MARK D. THOMPSON, | * * | |
| Intervenor. | * | |

******************************************************************

The Court granted Mark D. Thompson's motion to intervene and file a motion to dismiss and allowed leave to conduct jurisdictional discovery on the issue of ownership of Integrated Energy Holdings, LLC. Doc. 41. Defendant Security Energy Concepts, LLC moved pursuant to Rules 12(b)(2), 12(b)(6), and 12(d) of the Federal Rules of Civil Procedure to dismiss the Complaint in this action, and joined the Motion and Memorandum to Dismiss filed by Thompson. Doc. 21.

After conducting jurisdictional discovery Plaintiff Integrated Energy Holdings, LLC, responded that it does not resist Strategic Energy Concepts, LLC's Motion to Dismiss for lack of diversity jurisdiction and requested that this Court dismiss this action without prejudice, and with each party responsible for its own costs and expenses.

Strategic Energy Concepts, LLC and Thompson have submitted a reply memorandum of law requesting that the Court grant Plaintiff's request to dismiss on the grounds that diversity jurisdiction is lacking, dismiss the action with prejudice and award Strategic Energy Concepts, LLC and Thompson their costs and attorney fees as a condition of such dismissal, pursuant to 28 U.S.C. § 1919 and Rule 41(a)(2) of the Federal Rules of Civil Procedure. Doc. 64.

Plaintiff's response to the motion to dismiss fails to offer any evidence to rebut Thompson's sworn testimony that he is the sole owner of Integrated Energy Holdings, LLC., and does not address the claim that Plaintiff is not the real party in interest and has no standing to pursue the claims it asserted in its complaint. The action will be dismissed in its entirety. The Court wonders how an action can be dismissed with prejudice if the Court has no jurisdiction. *See, e.g., Crooks v. Lynch*, 557 F.3d 846, 849 (8th Cir. 2009); *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005). Plaintiff will be given 14 days from the date of this Order to respond to the request of Strategic Energy Concepts, LLC and Thompson that the dismissal be with prejudice and that Plaintiff pay their costs and attorney fees as a condition of the dismissal of this action. Accordingly,

> IT IS ORDERED that the action will be dismissed in its entirety and that Plaintiff respond within 14 days from the date of this order to the request of Strategic Energy Concepts, LLC and Thompson that the dismissal be with prejudice and that Plaintiff pay their costs and attorney fees as a condition of the dismissal of this action.

Dated this 28th day of September, 2010.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
By: /s/ Summer Wahwa
DEPUTY