

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| INTEGRATED ENERGY HOLDINGS, LLC, a South Dakota Limited Liability Company, | CIV 09-4185 |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER RE: NATURE AND TERMS OF DISMISSAL |
| BUENA VISTA BIOMASS DEVELOPMENT, LLC, a Delaware Limited Liability Company; BUENA VISTA BIOMASS POWER, LLC, a California Limited Liability Company; OTOKA ENERGY CORPORATION, a Delaware Corporation; and STRATEGIC ENERGY CONCEPTS, LLC, a Missouri Limited Liability Company, | |
| Defendants. | |
| and | |
| MARK D. THOMPSON, | |
| Intervenor. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

After the Court granted Mark D. Thompson's motion to intervene and file a motion to dismiss, the Court allowed leave to conduct jurisdictional discovery on the issue of ownership of Integrated Energy Holdings, LLC. Doc. 41. Defendant Security Energy Concepts, LLC had earlier moved pursuant to Rules 12(b)(2), 12(b)(6), and 12(d) of the Federal Rules of Civil Procedure to dismiss the Complaint in this action, and had joined the Motion and Memorandum to Dismiss filed by Thompson. Doc. 21.

After jurisdictional discovery was completed, Plaintiff Integrated Energy Holdings, LLC, responded that it did not resist Strategic Energy Concepts, LLC's Motion to Dismiss for lack of diversity jurisdiction and requested that the Court dismiss this action without prejudice, and with

each party responsible for its own costs and expenses. Strategic Energy Concepts, LLC and. Thompson then requested that the Court grant Plaintiff's request to dismiss on the grounds that diversity jurisdiction is lacking, dismiss the action with prejudice, and award Strategic Energy Concepts, LLC and Thompson their costs and attorney fees as a condition of such dismissal. Doc. 64. The Court allowed Plaintiff to respond to the request of Strategic Energy Concepts, LLC and Thompson that the dismissal be with prejudice and that Plaintiff pay their costs and attorney fees as a condition of the dismissal. Doc. 67. Plaintiff has responded to the matters of concern regarding the dismissal. Doc. 68, 69.

*Dismissal With or Without Prejudice*

In this case the Plaintiff has determined not to resist the motion to dismiss for lack of diversity jurisdiction and has stated its intention to proceed in the appropriate state court of general jurisdiction. There has been no adjudication on the merits of the action and the dismissal shall be without prejudice. *See Crooks v. Lynch*, 557 F.3d 846, 849 (8th Cir. 2009).

*Costs and Fees*

SEC and Thompson contend they are entitled to costs under 28 U.S.C. § 1919. This statute provides: "Whenever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs." The award of costs is discretionary. *See generally,* 10 CHARLES ALLEN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668 (3d ed. 2010); *Boyd v. Ozark Air Lines, Inc.*, 568 F.2d 50, 55 (8th Cir. 1977)(costs are within the sound discretion of the trial court). The Court declines to award costs in this case because, based on the documents on file, the Court does not conclude that Plaintiff proceeded in bad faith.

SEC and Thompson contend that under the circumstances of this case, it is appropriate for the Court to exercise its discretion and award reasonable attorneys fees. They contend they were forced to respond to an inappropriate and unwarranted demand for jurisdictional discovery when Plaintiff had facts at its disposal that clearly established that no jurisdiction could exist in this Court. The Court's review of this matter does not lead it to conclude that the jurisdictional issue could have been clearly established without discovery. In addition, Plaintiff asserted its position not to resist the motion to dismiss relatively early in the case. For these reasons, the Court declines to award attorney fees. Accordingly,

**IT IS ORDERED** that the action will be dismissed in its entirety without prejudice and with each party responsible for its own costs and attorney fees.

Dated this 30th day of November, 2010.

BY THE COURT:

*Lawrence L. Piersol* (signature)
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
By: *Summer Wahup* (signature)
    DEPUTY